UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-cv-23330-JAL

CHARLES H. KINSEY,

      Plaintiff,

v.

JONATHAN ALEDDA,

      Defendant.

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY
PENDING RELEASE OF CRIMINAL INVESTIGATION FILES[1]**

      Perhaps the Defendant has not seen or reviewed this Court's decision in *Whitaker v. Miami-Dade Cty.*,[2] penned by United States District Judge Joan Lenard, because if he had, he would know that each issue raised by him in the Motion has already been discussed and rejected not only by the reasoning and law cited in Judge Lenard's order, but also in an opinion rendered by her senior colleague, Judge James Lawrence King.[3]  In short, *Whitaker* and *Pozdol* drive a stake directly through the heart of the Motion and systematically reject Defendant's fallacious assertions that he is entitled to a stay because: (i) there is a pending criminal investigation; (ii) he is precluded from obtaining the police reports; (iii) his Fifth Amendment rights will be significantly impacted; and (iv) there is no risk of prejudice to the plaintiff.

---

[1] Hereinafter "*the Motion*."
[2] *Whitaker v. Miami-Dade Cty.*, No. 13-cv-24450-JAL, 2014 WL 12513590 (S.D. Fla. Apr. 23, 2014)(Lenard, J.).
[3] *See Pozdol v. City of Miami,* 996 F. Supp. 2d 1290 (S.D. Fla. 2014).

## <u>INTRODUCTION</u>

Not surprisingly, the facts in this case, like those in *Whitaker* and *Pozdol* are chilling and inexplicable:

On July 18, 2016, Mr. Kinsey, a behavioral therapist, was attempting to coax his autistic client, Arnaldo Rios, from the middle of an intersection located in North Miami, FL.  [D.E. 4 at ¶ 5-10].  Unbeknownst to Mr. Kinsey, a passerby saw Messrs. Kinsey and Rios in the center of the intersection and called the police.  [D.E. 4 at ¶ 11]. Several North Miami Police officers arrived on scene, including the Defendant, Officer Jonathan Aledda.  [D.E. 4 at ¶ 14]. Despite the fact that Mr. Kinsey fully complied with all of the officers' commands, while simultaneously informing them that he and Mr. Rios were unarmed, the Defendant shot Mr. Kinsey in the leg, allowed other officers to handcuff him without reasonable justification, left him lying in the middle of the street in the mid-day sun, and failed to render aid. [D.E. 4 at ¶ 20, 29-34].

Over the next hours and days, as a horrified community reacted to a video of the Defendant gunning down the unarmed plaintiff, the Defendant and his colleagues were spinning various explanations to the media, the most ludicrous of which was that the Defendant was actually trying to shoot the autistic man, but somehow hit Mr. Kinsey instead.[4]

On August 5, 2016, Mr. Kinsey filed a three count Amended Complaint, alleging that the Defendant violated several of his constitutional rights.  [D.E. 4 ].  On September 9, 2016, the Defendant filed a motion to stay and requested the Court to *indefinitely* stay all proceedings until the disposition of the pending criminal investigation.  [D.E. 10].  Mr. Kinsey opposes the motion to stay because it fails to meet the strict standard in this District and will certainly result in undue prejudice to him.  Furthermore, the Defendant's request is virtually indistinguishable from

---

[4] This particular version of events did not, however, explain why Mr. Kinsey, there cast as a victim, was handcuffed and left to suffer in the sun.

*Whitaker v. Miami-Dade Cty.*, No. 13-cv-24450-JAL, 2014 WL 12513590 (S.D. Fla. Apr. 23, 2014)(Lenard, J.), where this Court denied a motion to stay based on the exact same grounds.

## **MEMORANDUM OF LAW**

### A. Standard for Motion to Stay

The stay of a civil proceeding is an extraordinary remedy and is not favored.  *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  Although the authority to stay proceedings is inherent in a court's power to control its docket, the power to issue a stay should not be exercised lightly. *See Markel Int'l Ins. v. O'Quinn*, 566 F. Supp. 2d 1374, 1376 (S.D. Ga. 2008).  The proponent of a stay bears the difficult burden of establishing its need.  *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

Courts in the Southern District of Florida particularly disfavor **indefinite** stays.[5] Furthermore, the existence of parallel criminal and civil proceedings does not necessarily warrant a stay of the civil proceeding.  *United States v. Lot 5, Fox Grove, Alachua County*, 23 F.3d 359, 364 (11th Cir. 1994).  In fact, the mere possibility of a disadvantage in a civil proceeding when a criminal case is pending is legally insufficient to warrant a stay.  *Lauer*, 2009 WL 800144, at *3 (citing *Shell Oil Co. v. Altina Assocs., Inc*., 866 F. Supp. 536, 541-42 (M.D. Fla. 1994); *Sec. & Exch. Comm'n v. Rhetorik*, 755 F. Supp. 1018, 1019-20 (S.D. Fla. 1990)). Also, "[t]he absence of an indictment weighs heavily against a stay of a related civil case." *See Young v. Peraza,* 2015 WL 4639736 at *2 (S.D. Fla. filed Aug. 4, 2015); *Coquina Investments v. Rothstein,* No. 10–60786, 2011 WL 2530945 at *2 (S.D. Fla. filed June 24, 2011).

---

[5]*Young v. Peraza,* 2015 WL 4639736 at *2 (S.D. Fla. filed Aug. 4, 2015); *Court-Appointed Receiver of Lancer Mgmt. Grp. LLC v. Lauer*, No. 05-60684, 2009 WL 800144, at *2 (S.D. Fla. filed March 25, 2009); *Global Aerospace, Inc. v. Platinum Jet Mgmt., LLC,* 2009 WL 2589116, at *1 (S.D. Fla. filed Aug. 19, 2009).

A stay of civil proceedings pending the outcome of a related criminal prosecution is justified "only when 'special circumstances' so require 'in the interests of justice.'" *United States v. Lot 5, Fox Grove, Alachua County*, 23 F.3d 359, 364 (11th Cir. 1994) (quoting *United States v. Kordel*, 397 U.S. 1, 12 & n.27 (1970)).[6]

**B. As In *Whitaker* and *Pozdol*, Defendant's Basis to Stay Proceedings is Legally Insufficient**

The Defendant asserts four ineffective grounds for staying this action: (i) the Miami-Dade State Attorney's Office has initiated a criminal investigation; (ii) since the criminal investigation is active and ongoing, he is precluded from obtaining the police reports regarding this incident; (iii) his Fifth Amendment rights will be significantly impacted; and (iv) there exists no risk of prejudice to the plaintiff.  [D.E. 10 at 2].  Each of these arguments have been rejected by this Court and clearly cannot warrant a stay of this case.

(i)      An Open Criminal Investigation Does Not Warrant A Stay

While the Defendant argues that the pre-existence of a criminal investigation by the Miami-Dade State Attorney [D.E. 10 at 1] require a stay because the issues arising in the criminal investigation overlap with this case  [D.E. 10 at 6], none of the judges in this District, nor the Eleventh Circuit have ever ruled that an "active criminal investigation" is a "special circumstance" warranting an indefinite stay.  To the contrary, the courts have consistently ruled

---

[6]When deciding to issue a stay, courts must weigh competing interests and maintain an even balance. *Landis*, 299 U.S. at 254-55, 57 S. Ct. 163. Courts within the Eleventh Circuit have considered the following factors in determining whether the interests of justice require a stay: (1) the extent to which the defendant's Fifth Amendment rights are implicated; (2) the interest of the plaintiff in proceeding expeditiously with litigation and the potential prejudice to the plaintiff from delay; (3) the burden any particular aspect of the proceedings may impose on the defendant; (4) the efficient use of judicial resources; (5) the interests of persons not parties to the civil litigation; (6) the interests of the public in the pending civil and criminal litigation; and (7) the extent to which the issues in the civil and criminal cases overlap and the status of the criminal case. *See* e.g. *Whitaker v. Miami-Dade Cty.*, No. 13-cv-24450-JAL, 2014 WL 12513590 (S.D. Fla. filed Apr. 23, 2014)(Lenard, J.)

that "the absence of an indictment weighs heavily against a stay of a related civil case." *See Young v. Peraza,*2015 WL 4639736 at *2 (S.D. Fla. filed Aug. 4, 2015).[7]  For example, the court in *Peraza* denied a motion to stay, although there was a pending criminal investigation, because the lack of an indictment rendered the status of the investigation "unclear."  *Id.*  The court held that the "mere pendency of a parallel criminal case does not give rise to 'special circumstances.'" *Id; See also Lot 5, Fox Grove,* 23. F.3d at 364; *Whitaker v. Miami-Dade Cty.*, No. 13-cv-24450-JAL, 2014 WL 12513590 (S.D. Fla. Apr. 23, 2014)(Lenard, J.).

Here, the Defendant's pending criminal investigation is equally unclear.  The Defendant only alleged that "the State Attorney's Office is investigating the shooting."  [D.E. 10 at 2].  He has not provided any tangible proof that an indictment is coming down the "pipelines."  Absent such evidence, the Defendant's assertion that the State's criminal investigation overlaps with this action is irrelevant and fails to meet the narrow standard under which a stay can be granted.  *Lot 5, Fox Grove,* 23. F.3d at 364; *Young v. Peraza,* 2015 WL 4639736 at *2.

### (ii)    Access to Police Reports

The Defendant claims that the open state investigation prohibits him from accessing the records for this case pursuant to Fla. Stat. § 119.071(2)(c)(1)(exempting "active criminal investigation information" from public records disclosures).  [D.E. 10 at 2].  The Defendant then takes an extraordinary leap by essentially claiming that Florida's public records exemption is a *de facto* "special circumstance" which justifies a stay.  [D.E. 10 at 6].

First, the Defendant's argument is premature.  The Defendant has failed to allege that he has actually **requested** a police report from the state.  Furthermore, the Defendant has failed to allege that such request has been **denied**.  Without such showing, the Defendant's argument is

---

[7] *See also Whitaker v. Miami-Dade Cty.*, No. 13-cv-24450-JAL, 2014 WL 12513590 (S.D. Fla. Apr. 23, 2014)(Lenard, J.); *Coquina Investments v. Rothstein,* No. 10–60786, 2011 WL 2530945 at *2 (S.D. Fla. June 24, 2011).

pure speculation and legally insufficient to warrant a stay. *See Whitaker v. Miami-Dade Cty.*, No. 13-cv-24450-JAL, 2014 WL 12513590, at *3 (S.D. Fla. Apr. 23, 2014)(Lenard, J.)(defendants provided no evidence that any person with "custody of a public record" has objected to its production).

Second, the Defendant ignores the fact that he is a party to a federal lawsuit and can issue a third-party subpoena from this Court to the State Attorney's Office or any other state agency. The Defendant cannot seriously contend that the State Attorney's Office can ignore a subpoena from this Court requiring it to produce documents. And even if the State Attorney's Office does lodge an objection to releasing certain documents, this Court could easily issue a protective order to prevent the dissemination of any information which could jeopardize its investigation. All of this is pure speculation, however, because the Defendant has not identified a single document which he needs for this lawsuit. Again, without identifying a specific document, the Defendant's request must be denied on that basis. *Whitaker v. Miami-Dade Cty.*, No. 13-cv-24450-JAL, 2014 WL 12513590, at *3 (S.D. Fla. Apr. 23, 2014)(Lenard, J.).

### (iii)    Fifth Amendment Right Against Self-Incrimination

The Defendant claims that proceeding in this case will force him to choose between waiving his Fifth Amendment right against self-incrimination or **testifying** in the civil proceeding. [D.E. 10 at 4]. However, the actual standard in this District is "whether a defendant in both a civil and criminal matter is 'forced to choose between waiving his Fifth Amendment privilege against self-incrimination or **losing** the civil case in summary proceedings.'" *Pelligrino v. Wenger*t, 147 F. Supp. 3d 1379 (S.D. Fla. 2015)(emphasis added). "Forcing an individual to risk a non-criminal disadvantage by remaining silent for fear of self-incrimination in a parallel criminal proceeding does not rise to the level of an unconstitutional infringement."

*Sec. & Exch. Comm'n v. Incendy,* 936 F. Supp. 952, 955 (S.D. Fla. 1996).  *See also Pozdol v. City of Miami,* 996 F. Supp. 2d 1290 (S.D. Fla 2014)(King, J.).  A stay must be denied unless the defendant can prove that the privilege's invocation compels "certain loss by automatic summary judgment" against the claimant.  *Court-Appointed Receiver of Lancer Mgmt. Grp. LLC v. Lauer*, No. 05-60684, 2009 WL 800144, at *2 (S.D. Fla. filed March 25, 2009).

Here, the Defendant claims that he will certainly lose at summary judgment if he is unable to testify regarding "his personal observations and state of mind throughout the subject incident" and rebut the allegations made in the Complaint, *i.e.* whether Mr. Rios was holding a toy truck, whether Mr. Kinsey had his hands in the air, and whether he was close enough in proximity to hear Mr. Kinsey's statements.  [D.E. 10 at 4].  The Defendant claims that "[he] is the only individual with the ability to rebut such allegations."  [D.E. 10 at 4].  The Defendant's argument is flawed for several reasons.

First off, the Defendant's **<u>subjective</u>** "state of mind" is totally irrelevant.  At summary judgment, this Court can only consider whether the amount of forced used by the Defendant was **<u>objectively</u>** reasonable under the circumstances.  *Graham v. Connor*, 490 U.S. 386 (1989).

Second, the Defendant's contention that he is the only individual who can testify to the circumstances surrounding the shooting is simply inaccurate.  Many people observed this incident other than the Defendant, and a large portion of what the Defendant intends to "rebut" was actually caught on camera.  For instance, published video footage shows that Mr. Kinsey's hands were in the air, that Mr. Rios was holding a toy truck, and that multiple officers were on scene.  Another video shows the Defendant's vantage point when he shot Mr. Kinsey, *i.e.* he and another officer were kneeling behind a police cruiser right before he shot Mr. Kinsey.  While the Defendant may choose to assert his Fifth Amendment right against self-incrimination, he is in no

way precluded from producing witnesses who can objectively testify to the facts of this case –
even from his vantage-point.

Third, putting aside the video and witnesses for a moment, the Defendant has already
given his account of the incident to other individuals who can testify for summary judgment
purposes.  Nobody will forget the Defendant's rather bizarre claim that he was *supposedly*
aiming at Mr. Kinsey's autistic patient and just happened to hit Mr. Kinsey.[8]  Nor will anyone
forget his callous claim that he "did what he had to do in a split second."[9]  Since the Defendant
has already "told his tale," he cannot now claim to be in some sort of Fifth Amendment
conundrum.  *Lot 5, Fox Grove,* 23 F.3d at 364 (a "blanket assertion of the Fifth Amendment
privilege is an inadequate basis for the issuance of a stay").

Finally,  the Defendant's assertion of his right against self-incrimination must be in
response to a specific question.  *Lot 5,* 23 F.3d at 364; *Anglada v. Sprague,* 82 F.2d 1035, 1037
(11th Cir. 1986).  Currently, there is no question directed to the Defendant from which he can
assert his Fifth Amendment privilege.  Consequently, a court cannot assess whether his assertion
of the privilege will cause "certain loss by automatic summary judgment." *Court-Appointed*
*Receiver of Lancer Mgmt. Grp. LLC v. Lauer,* No. 05-60684, 2009 WL 800144, at *2 (S.D. Fla.
filed March 25, 2009).  The Defendant's promise to assert his Fifth Amendment right in the
future cannot suffice as grounds for granting a motion to stay.  *Lot 5,* 23 F.3d at 364; *Anglada v.*
*Sprague,* 82 F.2d 1035, 1037 (11th Cir. 1986).

---

[8] While it is difficult to believe that such a "decorated" member of the SWAT team could miss
such a large target (*i.e.* Mr. Rios) from 50 yards out, he nonetheless has put out such a story.
[9] This statement is also difficult to believe since Mr. Kinsey was lying on the ground with his
hands in the air for approximately five minutes before the Defendant shot him.

### (iv)    An Indefinite Motion to Stay Prejudices the Plaintiff

The Defendant claims that he is not seeking an indefinite stay of this case, but only the "limited relief of a stay during the pendency of the alleged criminal investigation which may be closed in the near future." [D.E. 10 at 5].  No matter how the Defendant attempts to spin it, he is requesting a stay for a indefinite period of time.

Here, the Defendant's motion is certainly indefinite in scope.  The Defendant has failed to provide the Court with any details as to when the civil proceeding should continue.  Is Mr. Kinsey required to wait until the criminal investigation concludes, or until the State Attorney's Office files formal charges?  If the State does file charges, is Mr. Kinsey required to wait until after the trial concludes, which could take years, or wait until the appeals process is over, which could also take years?  And what about post-conviction relief?  The Defendant's request is unlimited in scope and must be defined as indefinite.

In *Safeco Nat. Ins. Co. v. Corbett,* 2009 WL 5031359 (M.D. Ga. filed Dec. 14, 2009), the defendant requested to stay the proceedings pending the resolution of a criminal investigation. Although the defendant had been accused of arson, the court denied the motion to stay because there was no indictment or evidence of a criminal investigation that would warrant a stay.  *Id.* The court denied the motion in that case because the "length of the stay may be indefinite." *Id.* The court went on to assert that "[a]n indefinite stay is not in the interest of either party or this Court." *Id.*

The Defendant attempts to justify a stay by claiming that "the State Attorney's Office investigation may be closed in the near future." [D.E. 10 at 5].  Not only has the Defendant failed to produce any evidence to support his contention, but history is not on his side either. The reality is that the State Attorney's Office has taken years to conclude its investigation in the

most recent high-profile police involved shootings.[10]  There is no evidence to suggest that the State is treating Mr. Kinsey's case any differently.

Finally, an indefinite stay of this case would be devastating to Mr. Kinsey.  When determining whether to issue a stay, courts must consider "the interest of the plaintiff in proceeding expeditiously with litigation and the potential prejudice to the plaintiff from delay." *Sec. & Exch. Comm'n v. Healthsouth Corp.,* 261 F. Supp. 2d 1298 (N.D. Ala. 2003).  Although the Defendant claims that nothing in the Plaintiff's First Amended Complaint "indicates that there is an exigency which would necessitate an expedited resolution,"[11] [D.E. 10 at 2] nothing could be further from the truth.

Mr. Kinsey is in desperate need of closure in this case.  The more days that go by without a resolution to this "clear-cut" case, the more difficult it is for Mr. Kinsey and the general public to believe in our system of justice.  Over two months ago, the Defendant shot Mr. Kinsey while he was lying on the ground with his hands in the air.  Local officials have still yet to decide if they are going to criminally charge the Defendant, even though the facts of this incident are quite simple.  Mr. Kinsey's only expeditious avenue for justice is by way of this Court and our federal system of justice.

Furthermore, Mr. Kinsey's mental well-being deteriorates every day that this case remains unresolved.  For over 47 years, Mr. Kinsey, believed that if he complied with police commands, he would walk away unharmed.  The Defendant erased that belief in a matter of seconds.  Mr. Kinsey needs mental health treatment to overcome this egregious incident.  A

---

[10] For example, the State Attorney's Office did not make a filing decision in the May 30, 2011 Memorial Day police involved shooting of Raymond Herisse on Miami Beach, which garnered national attention, until March 30, 2015.  *See also* http://creative.news-journalonline.com/shotsfired/slow.html.

[11] [D.E. 10 at 5].

prompt resolution to this case will assist Mr. Kinsey in meeting his needs, and therefore, the Defendant's motion to stay should be denied.

## CONCLUSION

WHEREFORE, Plaintiff, Charles H. Kinsey, respectfully request that this Court issue and Order denying the Defendant's *Motion To Stay Pending Release of Criminal Investigation Files*. [D.E. 10].

**Dated**: September 26, 2016.

> Hilton Napoleon, II, Esq. FBN 17593
> Joseph P. Klock, Jr., Esq. FBN 155678
> Miguel A. Morel, Esq. FBN 89163
> RASCO KLOCK PEREZ NIETO
> 2555 Ponce De Leon Blvd., Suite 600
> Coral Gables, Florida 33134
> Telephone: 305.476.7100
> Facsimile: 305.675.7707
>
> By: */s/ Hilton Napoleon, II*
>        Hilton Napoleon, II

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on September 26, 2016, I have filed the foregoing document

with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document

is being served this day on all counsel and parties of record on the attached Service List in the

manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF

or in some other authorized manner for those parties who are not authorized to receive

electronically Notices of Electronic Filing.

By:  /s/ Hilton Napoleon, II
Hilton Napoleon, II

<u>**SERVICE LIST**</u>

<u>**Counsel for Defendant, Jonathan Aledda**</u>

Robert L. Switkes, Esq., FBN 241059
Bradley F. Zappala, Esq., FBN 111829
David Acosta, Esq., FBN 112344
ROBERT L. SWITKES & ASSOCIATES, P.A.
407 Lincoln Road, PH SE
Miami Beach, Florida 33139
Telephone: 305.534.4757
Facsimile: 305.538.5504
rswitkes@switkeslaw.com
bzappala@switkeslaw.com
dacosta@switkeslaw.com
via CM/ECF

<u>**Counsel for Plaintiff, Charles H. Kinsey**</u>

Hilton Napoleon, II, Esq., FBN 17593
Joseph P. Klock, Jr., Esq., FBN 156678
Miguel A. Morel, Esq. FBN 89163
RASCO KLOCK PEREZ NIETO
2555 Ponce de Leon Blvd., Suite 600
Coral Gables, Florida 33134
Telephone: 305.476.7100
Facsimile: 305.476.7102
hnapoleon@rascoklock.com
jklock@rascoklock.com
mmorel@rascoklock.com

4827-1529-2985, v. 1